*T. D. Theobald, for appellant.*
*Strother & Orr, for appellee.*

---

RICHARD D. WALKER ET AL. *v.* JAMES WALKER, SR.

[Abstract Kentucky Law Reporter, Vol. 4—440.]

**Title by Adverse Possession,**
>   Where one enters into possession of real estate in 1836, and has held the possession since that time, claiming it as his own, the verdict should have been for him as his title is good.

**Recovery in Action for Trespass.**
>   There can be no recovery in ejectment in an action for trespass.

APPEAL FROM GREENUP CIRCUIT COURT.

November 21, 1882.

OPINION BY JUDGE PRYOR:

The principal controversy in this case is as to the possession of the land. The appellee claims to have had the actual possession of

the land since 1830, and the appellant since the year 1837. Each party claims that the tenants in possession entered under them and there is proof sustaining both, not only as to the actual possession but as to the manner in which the tenants entered. They both claim to have acquired title by a possession hostile to all other claims and we have seldom seen a case where the testimony was more conflicting. The appellants claim to have purchased the land at a sheriff's sale made in 1836, and to have entered into possession at that time. Their counsel asked the court to say to the jury that if the appellants entered under this purchase in the year 1836, or those under whom they claim and have held and claimed the land as their own from that time then the law is for the defendants. This instruction was modified by the court and was made to read "if possession was taken with the knowledge and consent of the plaintiff and held and claimed since that time by the appellants the law is for them." This modification was error. If they entered in 1836, with or without the knowledge and consent of the appellee and have held the possession since that time, claiming it as their own, the verdict should have been for the defendant. The adverse entry, if made, necessarily implies a holding against the claim of the plaintiff, and upon such a possession the title is alleged to have been acquired by the defendant and the consent of the appellee to the entry can not affect the question at issue. It is true if the appellants stood by and consented to the purchase and entry on the land they would be estopped to deny the right of the defendants to hold as against them, but if the entry was in fact made with a continuous possession and claim by the defendants since their purchase, or that of those under whom they claim, their possession has ripened into a title that will prevent a recovery by the appellee. The appellee claims that he has had the possession and not the appellants, and that he entered long before the appellants and those under whom they hold, and has had a continuous possession and was in possession when appellants entered and this is really the only question in the case.

While a judgment for the plaintiff in an action for breaking the close where the defendant relies on a title superior to that of the plaintiffs will settle the question of title like a recovery in ejectment, it was improper in this case (an action for trespass) to have rendered a judgment in favor of appellee for the land. The appellee claimed to have been in the possession when the entry was made

and being in possession brought his action of trespass. He was not evicted and the verdict, if no damages were intended to be given, should have been "we of the jury find for the plaintiff."

For the reasons indicated the judgment below is *reversed* and cause remanded for further proceedings.

*Roe & Roe, for appellants.*

*B. F. Bennett, E. F. Dulin, for appellee.*